## IN THE UNITED STATED DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Daniel Paul Przybylski, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| State of North Dakota, County of Grand Forks ) | |
| Forks, Brett Burkholder; Administrator, ) | |
| Michael Pritchard;, US BORDER PATROL, ) | |
| Margo Kern; US ATTORNEY OFFICE, Sarah ) | |
| G. Geresek and Haley Wamstad, STATES ) | |
| ATTORNEY, Debbie Nelson, County Auditor, ) | |
| Vanessa Richter, police officer, Andrew ) | Case No.  3:19-cv-279 |
| Schneider, Sheriff, Wayne Stenehjem, Attorney ) | |
| General, Office of Assistant Attorney General ) | |
| Civil Division at U.S. Department of Justice, ) | |
| Registered Agent Corporation Service ) | |
| Company North Dakota, The Eye Doctor, and ) | |
| Magistrate Alice R. Senechal, Judges; John ) | |
| Thelan, Jay Knudson, Jason McCarthy, Donald ) | |
| Hager & Lolita G. Hartl Romanick and Sean ) | |
| F. Marrin #07847, legal counsel, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Daniel Paul Przybylski ("Przybylski") initiated the above-captioned action on December 5, 2019, with the submission of a motion for leave to proceed in forma pauperis, a proposed "Notice of Removal," and 78-page bundle of assorted documents.  (Doc. No. 1).  On December 23, 2019, he filed a document captioned "Notice of Fraud Committed on the Court." (Doc. No. 2).  On December 26, 2019, he filed an "Affidavit of Truth and Fact." (Doc. No. 3).

Chief Judge Welter has referred this matter to the Magistrate Judge for preliminary review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, I recommend that Przybylski's application to proceed forma pauperis be denied and that this action be dismissed with prejudice.

I. **BACKGROUND**

   A. **Case No. 3:19-cr-242**

Przybylski initiated Case No. 3:19-cr-242 on December 5, 2019, with the submission of "Notice of Removal." State of North Dakota v. Przybylski, No. 3:19-cr-242 (D.N.D) ("Przybylski I") at Doc. No. 1. He sought to remove his state criminal prosecution to federal court.

On December 18, 2020, the court issued an order summarily remanding the matter to the District Court for the Northeast Central Judicial District, Grand Forks County, North Dakota. Id. at Doc. No. 2.

   B. **Case No. 3:19-cv-279**

Przybylski simultaneously initiated the above-captioned action on December 5, 2019, with an application to proceed in forma pauperis. Attached to this application is an exact duplicate of the "Notice of Removal" filed in Przybylski I.

II. **DISCUSSION**

   A. **Applicable Law**

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1).

Notwithstanding any paid filing fee, 28 U.S.C. § 1915(e)(2) provides "the court shall dismiss the case at any time if the court determines that . . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This § 1915(e)(2) screening, and the authority to dismiss claims arising thereunder, includes non-prisoner pro se complaints. Key v. Does, 217 F.

Supp. 3d 1006, 1007 (W.D. Ark. 2016).  With regard to frivolousness under § 1915(e)(2)(I), "the Supreme Court explained that an action is frivolous if 'it lacks an arguable basis either in law or in fact.'"  Aziz v. Burrows, 976 F.2d 1158, 1159 (8th Cir. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  "An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right."  Williamson v. Corizon, Inc., No. 1:15CV220, 2016 WL 5933982 at *1 (E.D. Mo. October 12, 2016).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-84 (2009).

**B.      Analysis**

As the court explained in the order for remand it issued in Przybylski I, Przybylski failed to establish any valid legal basis for the removal of his criminal case from state court to federal court and his attempted removal failed as a matter of law.  See Przybylski I at Doc. No. 2.  Because the above-captioned action is duplicative of Przybylski I, the court can and should deny the application to proceed in forma pauperis and summarily dismiss this action pursuant to the doctrine of res judicata.

The doctrine of res judicata, also called claim preclusion, means a final judgment on the merits of an action precludes the parties or their privies from re-litigating claims that were or could have been raised in that action. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Res judicata is an affirmative defense, Fed. R. Civ. P. 8(c), and "[c]ourts generally lack the ability to raise an affirmative defense sua sponte." Neff v. Flagstar Bank, FSB, 520 Fed. App''x 323, 327 (6th Cir. 2013) (quoting Hutcherson v. Lauderdale Cty., 326 F.3d 747, 757 (6th Cir. 2003)).

The court "may take the initiative to assert the res judicata defense sua sponte in 'special circumstances.'" Id. (quoting Arizona v. California, 530 U.S. 392, 412 (2000)). One such special circumstance occurs when "a court is on notice that it has previously decided the issue presented." Arizona, 530 U.S. at 412. That special circumstance is present here.

Res judicata operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. Allen v. McCurry, 449 U.S. 90, 94 (1980). "The Eighth Circuit applies a three-part test to determine whether res judicata applies: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases." Neeley v. 5 Fed. Commc'ns Commissioners, No. 5:14-CV-05135, 2014 WL 11515750, at *3 (W.D. Ark. Aug. 5, 2014) (citing First Nat. Bank in Sioux Falls v. First Nat. Bank S. Dakota, 679 F.3d 763, 767 (8th Cir. 2012)).

Res judicata clearly applies in this case; the court has already rejected Przybylski's attempt to remove his state criminal prosecution to federal court. Consequently, the court can conclude that the instant action is barred by res judicata and dismiss it as frivolous. See, e.g., Taylor v. Reynolds, 22 Fed App'x 537, 538-39 (6th Cir. 2001) ("A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact.... [A] completely duplicative complaint lacks an arguable basis in law or in fact and ... [is] properly dismissed on the basis of res judicata."); Murray v. Reed, 69 Fed. App'x. 246, 2003 WL 21377472, at *1 (6th Cir. 2003) (affirming dismissal of claim barred by res judicata as frivolous).

4

### III.   CONCLUSION AND RECOMMENDATION

I recommend that the court deny Przybylski's application to proceed *in forma pauperis* (Doc. No. 1) and summarily dismiss the above-captioned action with prejudice.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Przybylski shall have until April 24, 2020, to file an object to this recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 6th day of April, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court